United States District Court
Southern District of Texas
**ENTERED**
July 14, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DENNIS W. GREER, JR., SPN #01670605, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-22-1820 |
| STATE OF TEXAS, | § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, Dennis W. Greer, Jr. (SPN #01670605), is presently in custody at the Harris County Jail in Houston, Texas. He has filed a hand-written "Petition for Expunction" of records associated with an arrest and prosecution for theft in state court ("Petition") (Docket Entry No. 1). He has also filed an Application to Proceed In District Court Without Prepaying Fees or Costs (Docket Entry No. 2), which will be granted. Because Greer is a prisoner who has not paid the filing fee, the court is required to scrutinize the pleadings and dismiss the action, in whole or in part, if it determines that his submission is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. BACKGROUND

Greer reports that he was arrested on December 20, 2020, by deputies employed by the Harris County Sheriff's Department.[1] Subsequently, Greer was charged in Harris County Case No. 2271348 with committing the offense of theft on May 19, 2019.[2]

Greer, who remains in custody at the Harris County Jail, notes that the theft charge in Case No. 2271348 was eventually dismissed.[3] Public records available from the Harris County District Clerk's Office confirm that the State filed a Motion to Dismiss the theft charge against Greer because he was convicted in another case.[4] The trial court granted the Motion and signed the State's proposed Order, dismissing the theft charge in Case No. 2271348 on May 27, 2021.[5] Because he was not convicted of the theft charge against him in Case No. 2271348, Greer now asks this

---

[1] See Petition, Docket Entry No. 1, p. 1.

[2] See id. at 1-2.

[3] See id. at 2. According another lawsuit filed by Greer in this district, he was charged in five felony and misdemeanor cases with the offenses of "theft of property, violation of a protective order, injury to an elderly person, interference with an emergency telephone call, and interference with the duties of a public servant." Greer v. Harris County Sheriff's Office, Civil Action No. H-21-2367 (S.D. Tex. Dec. 1, 2021) (Docket Entry No. 12, p. 2).

[4] Motion to Dismiss in Cause No. 2271348, in the County Criminal Court at law No. 3, Harris County, Texas, available from the Harris County District Clerk's Office website: https://www.hcdistrictclerk.com (last visited June 21, 2022).

[5] See id.

court to enter an order directing state officials to expunge all records associated with his arrest under Article 55.02, § 2 of the Texas Code of Criminal Procedure.[6]

## II. DISCUSSION

As noted above, Greer's request for expunction arises under state law found in Article 55.02, § 2 of the Texas Code of Criminal Procedure.[7]  Unlike state courts, which have subject matter jurisdiction over a broad assortment of causes and claims, federal courts are "courts of limited jurisdiction, having 'only the authority endowed by the Constitution and that conferred by Congress.'"  Halmekangas v. State Farm Fire and Casualty Co., 603 F.3d 290, 292 (5th Cir. 2010) (citations omitted).  As such, the existence of subject matter jurisdiction may be challenged at any stage in the litigation and may be raised by the district court on its own motion.  See Nguyen v. District Director, Bureau of Immigration and Customs Enforcement, 400 F.3d 255, 260 (5th Cir. 2005).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

Greer does not invoke any basis for federal jurisdiction.[8]  He

---

[6]See Petition, Docket Entry No. 1, p. 3.

[7]See id.

[8]Absent a specific statute vesting the federal courts with
(continued...)

does not otherwise show that expunction is an available remedy. As a general rule, federal courts are prohibited from ordering the expunction of public records involving state criminal proceedings. See Cavett v. Ellis, 578 F.2d 567, 568 (5th Cir. 1978). Absent exceptional circumstances, "[p]ublic policy requires . . . that the retention of records of the arrest and the subsequent proceedings be left to the discretion of the appropriate authorities." Id. (quoting Rogers v. Slaughter, 469 F.2d 1084, 1085 (5th Cir. 1972)).

Greer does not allege facts showing that he has submitted a request for expunction in state court under Article 55.02, § 2 of the Texas Code of Criminal Procedure or that he is unable to present such a request. More importantly, he does not allege facts showing that exceptional circumstances are present or that he is entitled to expunction as a matter of right. See, e.g., Garris v. Rowland, 678 F.2d 1264, 1266 (5th Cir. 1982) (finding that a district court properly exercised discretionary authority to assume pendent jurisdiction over a request for expunction in a unique case involving "a tragedy of errors"). For this additional reason, Greer's Petition will be dismissed. The dismissal will be without

---

[8](...continued)
jurisdiction, a district court generally has authority to hear two types of cases: (1) cases in which a plaintiff alleges a cognizable violation of his rights under the Constitution or federal law; and (2) cases in which a citizen of one state alleges a violation of his or her rights established under state law by a citizen of another state where the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331-32.

prejudice to Greer asserting his claims in state court.

### III. CONCLUSION AND ORDER

Accordingly, the court **ORDERS** as follows:

1. The Petition for Expunction filed by Dennis W. Greer, Jr. (Docket Entry No. 1) is **DISMISSED without prejudice** for lack of jurisdiction.

2. Greer's Application to Proceed In District Court Without Prepaying Fees or Costs (Docket Entry No. 2) is **GRANTED.**

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the petitioner.**

**SIGNED** at Houston, Texas, on this the 14th day of July, 2022.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE